UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Eastern District of Kentucky
**FILED**
SEP 12 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

EDWARD LEE THOMPSON,

    Petitioner,

v.

J.C. STREEVAL, Warden

    Respondent.

Civil No. 18-76-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Edward Lee Thompson previously filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1] However, Thompson did not pay the $5.00 filing fee required by 28 U.S.C. § 1914, nor was the petition filed on a form approved for use by this Court as required by Local Rule 5.2. Thus, pursuant to an Order entered on July 31, 2018 [D.E. No. 5], Thompson was provided with the appropriate forms and directed to complete and file them within the time provided by the Order.

Thompson has now both paid the filing fee [D.E. No. 6] and filed a motion to proceed *in forma pauperis*. [D.E. No. 9] However, because he has paid the filing fee, his motion to proceed *in forma pauperis* will be denied as moot.

1

Thompson has also now filed his petition on an appropriate form. [D.E. No. 7]. In his petition, Thompson seeks to challenge the calculation of his prior custody credits by the Bureau of Prisons ("BOP"). [*Id.*] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Thompson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and liberally construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

First, it is not entirely clear that Thompson fully exhausted his administrative remedies prior to filing his petition. Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP employs a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 U.S.C. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 U.S.C. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 U.S.C. §§ 542.15 and 542.18.

Here, Thompson indicates that, after his BP-9 Form and BP-10 form were both denied, he submitted his appeal to the General Counsel on February 10, 2018, to which there was no response. [D.E. No. 7 at p. 7] In such situations, the BOP regulation governing responses to inmate grievances states that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Although Thompson's claim would be fully exhausted at that point, he confusingly re-submitted his BP-11 Form to the General Counsel on July 16, 2018, approximately 11 days before filing his petition in this case. [D.E. No. 1; D.E. No. 7 at p. 7]

However, even assuming that Thompson's re-submission is insufficient to "undo" his prior exhaustion, a review of the merits of Thompson's petition shows that his petition must be dismissed because he is clearly not entitled to relief.

In July 2009, Thompson was charged in an indictment issued by a federal grand jury sitting in the United States District Court for the Eastern District of Tennessee with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1). *United States v. Thompson*, No. 2:09-cr-67-JRG-MCLC-1 (E.D. Tenn.) at D.E. No. 1, Indictment. After a jury trial, Thompson was found guilty on Count 1. On May 17, 2010, United States District Judge J. Ronnie Greer sentenced him to a term of imprisonment of 327 months, to run concurrently with Thompson's sentence previously imposed by the Criminal Court for Cocke County, Newport, Tennessee, related to that Court's revocation of Thompson's state parole. *Id.* at D.E. No. 30, Judgment.

During the sentencing hearing, Judge Greer made several statements regarding his recommendations to the BOP regarding the commencement date of Thompson's federal sentence. Specifically, Judge Greer stated that "I will recommend to the Bureau of Prisons that you receive credit for all time served since you were obtained on a writ by federal authorities on July 28 of 2009." *Id.* at D.E. No. 34, Official Transcript of Sentencing, at p. 24. After noting that there was an

undischarged state term of imprisonment related to Thompson's parole revocation in state court, Judge Greer later stated:

> Primarily because of your age and because of the age you will be at the time you complete this sentence, I'm going to order that your sentence in this case be served concurrently with the sentence imposed in the criminal court for Cocke County, Tennessee in docket numbers, or at least for the revocation of parole, not the sentence itself, but for the revocation of parole.
>
> It appears that the revocation occurred on...the revocation occurred on December 15, 2008; so the effect of what I'm doing is that this sentence will run concurrently with the state sentence from the date of that revocation, which was December 15, 2008.

*Id.* at p. 26. The Judgment entered by Judge Greer further provides as follows: "The court makes the following recommendations to the Bureau of Prisons: Credit for time served since July 28, 2009." *Id.* at D.E. No. 30 at p. 2.

Notwithstanding these statements, according to the BOP's Sentence Monitoring Computation Data Sheet submitted by Thompson with his original petition [D.E. No. 1-3], the BOP commences Thompson's federal sentence on May 17, 2010, the date it was imposed. Thompson argues that this calculation of his sentence is improper, as it ignores the prior jail credits that he claims to have been awarded at his sentencing by Judge Greer.

In his petition, Thompson recognizes that the BOP has authority to consider an inmate's request for *nunc pro tunc*, or retroactive designation, of a state prison as the place for service of a federal sentence pursuant to *Barden v. Keohane*, 921 F. 2d

5

476 (3d Cir. 1970), the effect of which would be to run his state and federal sentences concurrently. However, he argues that, in his case, the question of retroactive designation "was not left to the BOP as the Court clearly awarded the time that the Petitioner spent in custody since the date of the Petitioner's revocation of parole (December 15, 2008)." [D.E. No. 1 at p. 2] Thompson's argument is misplaced.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>     (1) as a result of the offense for which the sentence was imposed; or
>
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Section 3585(a) establishes when a federal sentence commences. If a federal sentence is ordered to run concurrently with pre-existing state sentence, the federal

6

sentence begins to run when the federal sentence is imposed. Cf. *Doan v. Lamanna*, 27 F. App'x 297, 299 (6th Cir. 2001). Thus, Thompson's federal sentence began to run on May 17, 2010, the date it was imposed.

Section 3585(b) establishes whether a defendant can obtain credit for time spent in custody before the sentence commences. Here, Thompson claims entitlement to credit for the time he spent in state custody after the date that his parole was revoked (December 15, 2008) on the ground that Judge Greer ordered that his federal sentence should run concurrently with his previous state sentence from the date that his parole was revoked in his state criminal case.

However, under § 3585(a) a federal sentence cannot begin to run earlier than the date of its imposition, and a sentencing court is without authority to "backdate" a federal sentence to an earlier date. *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) ("[t]he district judge had no statutory authority to order that the defendant's federal sentence should 'commence' [before the date his sentence was imposed]."); *United States v. Labeille-Soto*, 163 F.3d 93, 98-99 (2d Cir. 1998). Where, as here, the sentencing court directs that the defendant's federal sentence is to run concurrently with the *undischarged* term of a previously-imposed sentence, the federal sentence runs concurrently only with the portion of the state sentence that remains to be served. *Staley v. Patton*, No. 0:07-cv-122-HRW, 2009 WL 256745, at * 2-3 (E.D. Ky. Feb. 2, 2009). Therefore, the BOP correctly concluded that

Thompson's federal sentence commenced running on May 17, 2010, the date that it was imposed.

Indeed, Judge Greer has twice recognized that his statement regarding the commencement date of Thompson's sentence was merely a recommendation to the BOP and that he was without authority to "backdate" Thompson's sentence. On May 16, 2014, Judge Greer entered an order denying Thompson's motion to compel concurrent sentences, in which Thompson sought an order computing his sentence with a start date of December 15, 2008. *United States v. Thompson*, No. 2:09-cr-67-JRG-MCLC-1 (E.D. Tenn.) at D.E. No. 49, Order. After noting that "[i]t is clearly settled that after a defendant is sentenced, the Bureau of Prisons ("BOP"), and not the district judge, has authority to determine when a sentence is deemed to commence [and] whether defendant should receive credit for time spent in custody," Judge Greer held that he did not have jurisdiction to order the relief requested by Thompson. *Id.* (citations omitted).

In February 2018, Thompson filed a motion in his criminal case for *nunc pro tunc* designation, raising the same arguments that he raises in his § 2241 petition filed in this Court. *Id.* at D.E. No. 80, Motion. Judge Greer again denied the motion, explaining that:

> The BOP may consider the recommendation of the sentencing judge, but the judge's views are not controlling. 18 U.S.C.A. §§ 3585(a) and (b), 3621(b), 3624(b); *United States v. Wilson*, 503 U.S. 329 (1992);

8

*United States v. Pineyro*, 112 F.3d 43 (2nd Cir. 1997). The Court previously made a recommendation to the BOP regarding the defendant's service of time in relation to the state court offenses. The Court cannot order or require the BOP to follow such recommendations made at sentencing, nor can it now award credit for time served. The BOP, not the Court, has the authority to determine the proper credit for time served.

*Id.* at D.E. No. 81, Order.

For all of these reasons, the Court finds that the BOP's calculation of the commencement date of Thompson's federal sentence is correct, thus Thompson is not entitled to the relief sought in his § 2241 petition.

Accordingly, it is **ORDERED** as follows:

1. Thompson's motion for leave to proceed *in forma pauperis* [D.E. No. 9] is **DENIED AS MOOT**.

2. Thompson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 7] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 12th day of September, 2018.



Signed By:
**Henry R. Wilhoit, Jr.**
United States District Judge